IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JACKIE MARTIN,** )  )  Plaintiff, )  )  v. )  )  **MICHAEL J. ASTRUE**, )  **Commissioner of Social Security,** )  )  Defendant. ) | No. 12-cv-248-JPG-CJP |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court on the parties' Stipulation to Remand (Doc. 24). The parties ask the Court to remand the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. §405(g).

There are only two avenues for remanding a social security case. Remand can be ordered pursuant to sentence four or sentence six of 42 U.S.C. § 405(g). A sentence four remand depends upon a finding of error, and is itself a final, appealable order. In contrast, a sentence six remand is for the purpose of receiving new evidence, but does not determine whether the Commissioner's decision as rendered was correct. A sentence six remand is not an appealable order. See *Melkonyan v. Sullivan*, 501 U.S. 89 (1991); *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975, 978 (7th Cir. 1999).

Here, the Commissioner implicitly confesses error, as he asks for a sentence four remand and asks that judgment be entered in favor of plaintiff.

The Court notes that Ms. Martin's application for benefits has been pending since May 2008 and her claim was denied by the Administrative Law Judge in August 2010. (Tr. 8-16).

The Appeals Council denied review in January 2012. (Tr. 1). While recognizing that the agency has a full docket, the Court urges the Commissioner to expedite this matter on remand as much as practicable.

For good cause shown, the parties' Stipulation to Remand (Doc. 24) is **GRANTED**.

The final decision of the Commissioner of Social Security denying Jackie Martin's application for social security benefits is **REVERSED** and **REMANDED** to the Commissioner for rehearing and reconsideration of the evidence, pursuant to sentence four of 42 U.S.C. §405(g).

In accordance with *Schaefer v. Shalala*, 509 U.S. 292, 302-03 (1993), the Clerk of Court is directed to enter judgment in favor of plaintiff.

**IT IS SO ORDERED.**

**DATED:  November 16, 2012**

                              s/ J. Phil Gilbert
                              **J. PHIL GILBERT**
                              **United States District Judge**